IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

\*

PAMILA RENEE JACKSON, *et al.*,          \*

    *Plaintiffs*,          \*

    v.          \*          Civil Action No. RDB-22-2368

ARLANDA GROUP LLC, *et al.*,          \*

    *Defendants*.          \*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

On March 19, 2022, Plaintiffs Pamela Renee Jackson ("Renee Jackson") and Jessica Howard Jackson ("Jessica Jackson") (collectively, "Plaintiffs" or the "Jacksons") entered into a Contract of Sale for the purchase of real property located at 3303 Dorchester Road in Baltimore, Maryland (the "real property") from Defendant Arlanda Group, LLC ("Arlanda Group" or the "seller"). (Compl., ECF No. 1 ¶¶ 8–21.) Defendant NRT Mid-Atlantic, LLC d/b/a Coldwell Banker Realty ("Coldwell Banker")[1] represented Plaintiffs as the purchasers' broker company and Epic Realty Group LLC ("Epic Realty") represented Arlanda Group and its owner, Gustavo Rodriguez ("Rodriguez"), as the listing broker company. (*Id.* ¶¶ 22–35.) The Contract of Sale identified April 21, 2022 as the settlement date, but the sale of the real property did not close. (*Id.* ¶¶ 19, 36.)

---

[1] In the Motion to Dismiss Plaintiffs' Complaint (ECF No. 6), Coldwell Banker notes that Plaintiffs' Complaint (ECF No. 1) incorrectly names Defendant Coldwell Banker as "Coldwell Banker L.L.C." This Court directs the Clerk of Court to correct the Defendant's name from "Coldwell Banker L.L.C." to "Coldwell Banker Realty."

On September 16, 2022, Plaintiffs Renee Jackson and Jessica Jackson initiated the instant action against Arlanda Group, Rodriguez, Epic Realty, and Coldwell Banker, alleging a single claim of breach of contract against Arlanda Group and Rodriguez, (*id.* ¶¶ 36–37); a single claim of breach of fiduciary duty against Coldwell Banker, (*id.* ¶¶ 38–42); and a single claim of breach of fiduciary duty against Epic Realty, (*id.* ¶¶ 43–45). On February 23, 2023, this Court entered an Order (ECF No. 20) granting Epic Realty's Motion to Dismiss Plaintiffs' claims against the seller's agent/broker pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 18), dismissing Plaintiffs' Complaint without prejudice by consent as to Epic Realty. (ECF No. 20.) On May 9, 2023, this Court entered an Order (ECF No. 22) granting Rodriguez's Motion to Dismiss Plaintiffs' claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) As the Plaintiffs filed no response to said motion, Plaintiffs' Complaint was dismissed with prejudice as to Rodriguez. (ECF No. 22.)

Presently pending is Defendant Coldwell Banker's Motion to Dismiss Plaintiffs' Complaint (ECF No. 6). Coldwell Banker argues that Plaintiffs' Complaint fails to state a cause of action pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a). (*Id.*) Plaintiffs oppose Coldwell Banker's motion, (ECF No. 9), and Coldwell Banker has responded. (ECF No. 13.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant Coldwell Banker's Motion to Dismiss Plaintiffs' Complaint (ECF No. 6) is GRANTED and this case is DISMISSED WITH PREJUDICE as to the Defendant Coldwell Banker.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in

a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiffs' Complaint, and accepted as true for the purpose of Coldwell Banker's Motion to Dismiss Plaintiffs' Complaint.

On July 10, 2019, the real property located at 3303 Dorchester Road in Baltimore, Maryland owned by Defendant Arlanda Group, was listed for sale. (ECF No. 1 ¶ 8.)

On December 18, 2021, Plaintiffs Renee Jackson and Jessica Jackson signed a "Consent to Dual Agency" that specifically allowed Defendant Coldwell Banker to act as a dual agent for the buyers and the sellers. (*Id.* ¶¶ 1–3, 31–32.) That same day, the Jacksons executed an "Exclusive Buyer/Tenant Residential Brokerage Agreement Maryland" with Coldwell Banker. (*Id.* ¶¶ 33–35.)

On March 17, 2022, the Jacksons made an offer to purchase the real property for $420,000.00. (*Id.* ¶¶ 1–3, 10–11.) The offer was subsequently accepted, and Plaintiffs and Gustavo Rodriguez—the owner and manager of Arlanda Group—executed a Contract of Sale on March 19, 2022. (*Id.* ¶¶ 5, 12–13.) Coldwell Banker represented the Jacksons as the purchasers' broker company and Epic Realty represented Arlanda Group and Gustavo Rodriguez as the sellers' broker company. (*Id.* ¶¶ 24, 27.)

Pursuant to the Contract of Sale, the purchase price was $420,000.00, and a deposit of $5,000.00 was required to be delivered via wire transfer from Plaintiffs to an escrow account. (*Id.* ¶¶ 16–17.) The Contract of Sale identified April 21, 2022 as the date of settlement, and further provided that the sale was contingent upon the buyers' acquiring conventional

3

financing. (*Id.* ¶¶ 19–20, 27.) The Jacksons aver that they made the escrow wire transfer, secured financing, and were prepared to settle on April 21, 2022, (*id.* ¶¶ 18, 21), but "the Defendants refused to settle and close pursuant to the [Contract of Sale]." (*Id.* ¶ 36.)

On September 16, 2022, Plaintiffs initiated the instant action against Arlanda Group, Rodriguez, Epic Realty, and Coldwell Banker, alleging breach of contract against Arlanda Group and Rodriguez, (*id.* ¶¶ 36–37); breach of fiduciary duty against Coldwell Banker, (*id.* ¶¶ 38–42); and breach of fiduciary duty against Epic Realty. (*Id.* ¶¶ 43–45). On November 7, 2022, Defendant Coldwell Banker filed the presently pending Motion to Dismiss Plaintiffs' Complaint (ECF No. 6). Coldwell Banker argues that Plaintiffs' Complaint fails to state a cause of action pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a). (*Id.*) Plaintiffs oppose Coldwell Banker's motion, (ECF No. 9), and Coldwell Banker has responded. (ECF No. 13.) This motion is ripe for review.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotations omitted).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard,

a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

Coldwell Banker first asks this Court to dismiss Plaintiffs' claim against them for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. (ECF No. 6-1 at 2, 5–6.) Coldwell Banker next argues that Plaintiffs' breach of fiduciary duty claim against Coldwell Banker "fails as a matter of law because it is well-settled that Maryland substantive law does not recognize a stand-alone, independent cause of action for breach of fiduciary duty in connection with a claim solely for monetary damages." (ECF No. 6-1 at 2, 6–8.) Lastly, Coldwell Banker argues that "any claim against Coldwell Banker is wholly implausible—if not frivolous—since a real estate broker cannot compel any party to accept proposed contract terms or to force a party to proceed to settlement." (ECF No. 6-1 at 2, 8–12.) Because there is no legal basis to assert that Coldwell Banker, as the Jacksons' broker, could compel the seller

Arlanda Group to procure a use and occupancy permit and proceed to settlement, this Court

need only address Coldwell Banker's argument that the claim against it is implausible.

I. **There Simply Is No Legal Basis to Assert that Coldwell Banker, as the Broker for the Buyers, Could Compel the Seller Arlanda Group to Procure a Use and Occupancy Permit and Proceed to Settlement.**

In their Complaint, the Jacksons allege a claim for breach of fiduciary duty against their

broker, Coldwell Banker. As the basis of this Court's jurisdiction lies in diversity of citizenship,

under 28 U.S.C. § 1332(a), Maryland substantive law applies. *Hartford Fire Ins. Co. v. Harleysville*

*Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013) (citing *Gasperini v. Ctr. for Humanities, Inc.*,

518 U.S. 415, 427 (1996)). "To establish a breach of fiduciary duty as an independent cause of

action in Maryland, a plaintiff must demonstrate: '(i) the existence of a fiduciary relationship;

(ii) breach of the duty owed by the fiduciary to the beneficiary; and (iii) harm to the

beneficiary.'" *Gandy v. Howard Cnty. Bd. of Educ.*, No. GLR-20-3436, 2021 U.S. Dist. LEXIS

168301, at *17 n.4 (D. Md. Sept. 1, 2021) (quoting *Plank v. Cherneski*, 231 A.3d 436, 466 (Md.

2020)).

Here, the Jacksons allege that Defendant Coldwell Banker breached its fiduciary duty

when it "failed to represent [their] interests with regard to this transaction and failed to take

any action to compel the [Arlanda Group] to settle," (ECF No. 1 ¶ 38); "failed to fulfill its

fiduciary duties to the Jacksons and did not act in good faith," (*id.* ¶ 39); and "failed to fulfill

its duty of loyalty to the Jacksons." (*Id.* ¶ 40.) As a preliminary matter, these claims are not

supported by any factual allegations in the Complaint. Such vague allegations are insufficient

to state a claim; they are precisely the type of "unadorned, the-defendant-unlawfully-harmed-

me accusations" that the Supreme Court has held "will not do." *Iqbal*, 556 U.S. at 678.

Moreover, allegations concerning proximate causation are entirely lacking. The Jacksons make no effort to identify how the outcome of the failed transaction would have been more favorable to Plaintiffs had Coldwell Banker acted differently.

Further, while Plaintiffs aver that their "complaint is that Coldwell Banker breached its fiduciary duty by failing to take any steps practically or at law to enforce the signed contract once it became apparent that [Arlanda Group] was in breach, choosing instead to blame its client and fiduciary,"(ECF No. 9 at 3),[2] the Jacksons' argument that Coldwell Banker had the ability to change the outcome of the failed sale has no basis in law. As Coldwell Banker correctly notes, there was nothing that Coldwell Banker could have done as the Jackson's broker to force the seller—Arlanda Group—to accept contract terms it found unacceptable or to require the seller to proceed to closing to complete a transaction in the absence of a mutually acceptable agreement. Plaintiffs' suggestions to the contrary conflict with several well-established principles of Maryland agency and contract law. *See Daskais v. Kline*, 53 A.2d 289, 293 (Md. 1947) ("A broker or agent has not the power or authority to bind his principal by signing a contract for him, unless he is authorized so to do."); *Falls Garden Condo. Ass'n v. Falls Homeowners Ass'n*, 107 A.3d 1183 (Md. 2015) ("It is universally accepted that a manifestation of mutual assent is an essential prerequisite to the creation or formation of a contract." (quoting *Creel v. Lilly*, 729 A.2d 385, 398 (Md. 1999))); *Blum v. Blum*, 477 A.2d 289 (Md. App. 1984) ("A basic element of a contract is mutual assent; thus, where the agreement

---

[2] In their opposition, Plaintiffs also allege—for the first time—that "Coldwell Banker was aware of the missing Use and Occupancy Certificate three days prior to closing but waited until after business hours on the night before closing was scheduled to send a closing [a]ddendum to the [s]eller resulting directly in the [s]eller[']s rejection of the [a]ddendum to the agreed terms and resulting breach of the Contract [of Sale]." (ECF No. 9 at 3.)

of one of the parties is forced or involuntary, he will not be bound by that commitment."

(citing *Central Bank v. Copeland*, 18 Md. 305 (1862))); *Hale v. Hale*, 503 A.2d 271 (Md. App.

1986) ("[C]ontracts generally may be subject to rescission on a finding of fraud, duress, undue

influence, or negligent misrepresentation in their making." (citing *Vincent v. Palmer*, 19 A.2d

183, 188 (Md. 1941))). Taking the facts in the Complaint as true, this Court finds that the

Jacksons failed to set forth a plausible claim for relief.

## II.    Plaintiffs' Request for Leave to File Amended Complaint

In their Response to Coldwell Banker's Motion to Dismiss, the Jacksons include a

request leave to amend the pleadings if the Court finds their pleadings to be defective. (ECF

No. 9 at 3 ("Assuming that the Court finds the Plaintiff's pleadings to be defective, Plaintiff

hereby requests leave to amend the pleadings.").) Rule 15(a) of the Federal Rules of Civil

Procedure provides the general framework for amending pleadings. Specifically, Rule 15(a)

provides that, after a response pleading is served, a plaintiff may amend his complaint "by

leave of court or by written consent of the adverse party." In general, leave to amend a

complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." FED. R.

CIV. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lance v. Prince George's Cnty.*, 199

F. Supp. 2d 297, 300–01 (D. Md. 2002). Nevertheless, the matter is committed to the

discretion of the district court, which may deny leave to amend "when the amendment would

be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment

would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see*

*also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011); *Steinburg v.*

*Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

As noted, there is no legal basis to assert that Coldwell Banker, as the Jacksons' broker, could compel Arlanda Group to procure a use and occupancy permit and proceed to settlement. As such, this Court finds that no amendment could cure the deficiencies of Plaintiffs' Complaint or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, the Court finds that granting leave to amend at this time would be futile.

## CONCLUSION

For the reasons stated above, Defendant Coldwell Banker's Motion to Plaintiffs' Complaint (ECF No. 6) is GRANTED.

A separate Order follows.

Dated: August 29, 2023

/s/
_____
Richard D. Bennett
United States District Judge